IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES MYERS,

    Plaintiff,                          CV F 04 5562 LJO WMW P

    vs.                                 ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

E. ALAMEIDA, et al.,

    Defendants.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at SATF Corcoran, brings this civil rights action against defendant correctional officials employed by the CDCR at SATF Corcoran.

        Plaintiff's claims in this complaint relate to his medical care. Plaintiff is a disable inmate. Plaintiff's disability results from a pre-incarceration injury. That injury resulted in a fusion of the joints in his right ankle and big toe.

        In his complaint, Plaintiff names fourteen individual defendants. Throughout the complaint, Plaintiff refers to conduct by correctional officials in general, but fails to charge individual defendants with specific conduct that constitutes a violation of the Eighth

1

1  Amendment.

2  Under the Eighth Amendment, the government has an obligation to provide
3  medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.
4  2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual
5  punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id.
6  (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to
7  evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."
8  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second,
9  a court must determine whether "officials intentionally interfered with [the plaintiff's] medical
10 treatment." Id. at 1132.

11 The statute plainly requires that there be an actual connection or link between the
12 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
13 Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
14 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
15 constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
16 in another's affirmative acts or omits to perform an act which he is legally required to do that
17 causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743
18 (9th Cir. 1978).

19 The court finds the allegations in plaintiff's complaint vague and conclusory.  In
20 order to hold the named defendants liable, Plaintiff must allege conduct indicating that each of
21 the named defendants engaged in conduct that, liberally construed, constitutes deliberate
22 indifference.  Plaintiff must allege facts indicating that each defendant knew of and acted with
23 disregard to Plaintiff's serious medical needs.

24 The court has determined that the complaint does not contain a short and plain
25 statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

26

pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
2  docket number assigned this case and must be labeled "First Amended Complaint."  Failure to
3  file an amended complaint in accordance with this order will result in a recommendation that this
4  action be dismissed.

7  IT IS SO ORDERED.
8  **Dated:**   **March 13, 2008**                     **/s/  William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGEIT IS SO ORDERED.
9
   **Dated:**   **March 13, 2008**                     **/s/  William M. Wunderlich**
10                                   UNITED STATES MAGISTRATE JUDGE

4