# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MYERS, | 1:04-cv-05562-LJO-WMW (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| E. ALEMEDIA, et. al., | (Doc. 20) |
| Defendants. | |

## I. SCREENING ORDER

Charles Myers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his Complaint on April 13, 2004. (Doc. 1.) The Court screened Plaintiff's Complaint and dismissed it with leave to amend. (Doc. 16.) Plaintiff did not amend within the required time such that a Findings and Recommendation issued for the action to be dismissed. (Doc. 17.) Subsequently, Plaintiff filed his First Amended Complaint and objections to the Findings and Recommendations. (Docs. 20, 21.) The Court vacated the Findings and Recommendations of dismissal. (Doc. 23.) Thus, Plaintiff's First Amended Complaint is now before the Court for screening.

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.** **Summary of Plaintiff's First Amended Complaint**

Plaintiff's First Amended Complaint is one hundred sixty three (163) pages of documents from which it is practically impossible to ascertain what constitutional claims Plaintiff is attempting to state. Per the Court's docket, Plaintiff is currently a state prisoner at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California – which is the same facility of incarceration listed for Plaintiff on his First Amended Complaint. On the amended complaint form, Plaintiff fails to make any attempt to state the facts of his claims, or the relief which he seeks. Rather, Plaintiff refers to an "attached complaint." (Doc. 20, pg. 3.) However, no complaint for constitutional violations under 42 U.S.C. § 1983 is attached. Plaintiff did attach a petition for writ of habeas corpus with memorandum of points and authorities,

various inmate appeals and responses, work logs, medical records, and pharmacy records. If Plaintiff intended to challenge the legality or duration of his confinement, he is advised that a separate filing of a habeas corpus petition is the correct method for him to do so. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, if Plaintiff intends to pursue issues raised in the attached petition for writ of habeas corpus as constitutional violations under 42 U.S.C. § 1983, then he must reformat his claims and their factual basis to present them in the proper document form – i.e. as a complaint under § 1983, presenting his factual basis for all alleged constitutional violations without requiring that his allegations be gleaned from information stated in a habeas corpus petition. It appears from the Court's screening of the original Complaint, that Plaintiff might be intending to pursue claims for deliberate indifference to his serious medical needs. Plaintiff may be able to amend to correct deficiencies in his pleading so as to state cognizable claims. Thus, he is once again given the applicable standards and leave to file a second amended complaint. However, since these standards were previously provided to Plaintiff, and this is his last opportunity he will be given to state cognizable claims.

**C.    Pleading Requirements**

**1. *Federal Rule of Civil Procedure 8(a)***

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and

unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

4

> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 4. *Exhibits*

Plaintiff is advised that the Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Thus, in amending his complaint, Plaintiff would do well to simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

If Plaintiff attaches exhibits to his second amended complaint, each exhibit must be specifically referenced. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3"). Finally, the Court reminds Plaintiff that the Court must assume that Plaintiff's factual allegations are true. Therefore, it is generally unnecessary for to submit exhibits in support of the allegations in a complaint.

### D. Claims for Relief

#### 1. *Deliberate Indifference to Serious Medical Needs*

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle, 429 U.S. at 104-05. "However, the officials' conduct must constitute ' " 'unnecessary and wanton infliction of pain' " ' before it violates the Eighth Amendment. Hallett v. Morgan 296 F.3d 732, 745 (2002) quoting Estelle, 429 U.S. at 104, 97 S.Ct. 285 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)); see also Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998).

#### 2. *Supervisory Liability*

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

6

Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

## II. CONCLUSION

For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed, with leave to file a Second Amended Complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint,

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights amended complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a Second Amended Complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:   April 7, 2009**           /s/ William M. Wunderlich
UNITED STATES MAGISTRATE JUDGE