# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MYERS, | CASE NO. 1:04-cv-05562-LJO-YNP PC |
| Plaintiff, | ORDER DENYING MOTION TO REOPEN |
| v. | (Doc. 32) |
| EDWARD S. ALEMEDIA, et al., | |
| Defendants. / | |

Plaintiff Charles Myers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 30, 2009, Plaintiff filed a motion to reopen this case. (Doc. #32.)

**I.   Background**

On June 16, 2009, the Court issued a findings and recommendation that recommended that this action be dismissed for failure to state a claim upon which relief can be granted. (Doc. #29.) The Court noted that Plaintiff had filed three complaints in this action. Plaintiff's original complaint was screened and dismissed on March 14, 2008 for failing to state any claims and failure to comply with Federal Rule of Civil Procedure 8. Plaintiff was given the appropriate legal standards for stating a claim under the Eighth Amendment and was also informed of the requirement under Rule 8 to provide a short and plain statement of his claim. Plaintiff was told that his allegations were vague and conclusory and failed to link individual defendants with specific conduct that violates the Constitution. Plaintiff was given leave to file an amended complaint.

///

Plaintiff filed his first amended complaint on April 17, 2008. (Doc. #20.) Plaintiff's first amended complaint was screened by the Court and dismissed on April 7, 2009. (Doc. #24.) The Court informed Plaintiff that his 163 page complaint did not comply with Rule 8's requirement that Plaintiff provide a short and plain statement of his claim. Plaintiff was also informed that the

1  Federal Rules of Civil Procedure prohibit him from raising unrelated claims against different
2  defendants in a single lawsuit. Plaintiff was advised for a second time that he must link each
3  individual defendant with specific conduct that demonstrates a violation of Plaintiff's constitutional
4  rights. Plaintiff was also provided with the appropriate legal standards for stating a claim under the
5  Eighth Amendment for the second time. Plaintiff was given leave to file a second amended
6  complaint.

7  Plaintiff filed his second amended complaint on June 1, 2009. (Doc. #27.) The findings and
8  recommendation on June 16, 2009 followed. The Court noted that Plaintiff had disregarded the
9  deficiencies that the Court had twice identified for Plaintiff with respect to his claims. The Court
10 further found that giving Plaintiff further leave to amend would be futile because the Court had twice
11 previously informed Plaintiff about the deficiencies in his complaint and Plaintiff failed to amend
12 in any way that meaningfully addressed the Court's prior screening orders.

13 The Court recommended that Plaintiff's second amended complaint be dismissed without
14 leave to amend. Plaintiff was given 30 days to object to the findings and recommendation. Plaintiff
15 did not file any objections within the 30 day deadline. The findings and recommendation was
16 adopted on July 13, 2009 and the case was closed. (Doc. #30.)

17 Plaintiff filed a motion to reopen this case on July 30, 2009. (Doc. #32.) Plaintiff claims that
18 he did not have an opportunity to object to the findings and recommendation because he did not
19 receive the findings and recommendation until July 15, 2009. Plaintiff further argues that the claim
20 that Plaintiff did not state a claim for relief is inaccurate because Plaintiff asked for declaratory relief,
21 monetary damages, and other miscellaneous relief.

22 **II.     Discussion**

23 Under Federal Rule of Civil Procedure 60(b)(6), the Court may relieve a party from a final
24 judgment, order or proceeding for "any . . . reason that justifies relief." However, relief under Rule
25 60(b)(6) is warranted only if extraordinary circumstances exist. Maraziti v. Thorpe, 52 F.3d 252,
26 254-55 (9th Cir. 1995) (citing Ackermann v. United States, 340 U.S. 193, 199-201 (1950);
27 Waggoner v. R. McGray, Inc., 743 F.2d 643, 645 (9th Cir. 1984)).

28 Plaintiff claims that extraordinary circumstances exist because he did not have the

opportunity to file objections to the findings and recommendation that lead to the dismissal of this action.  However, Plaintiff has failed to identify any persuasive objections that would have convinced the Court to decline to adopt the findings and recommendation.  The arguments presented in Plaintiff's motion fail to rebut the findings that justified dismissal.  Plaintiff claims that he does state a claim for relief because he asked for various forms of relief.  Plaintiff misunderstands the Court's findings and recommendation.  Plaintiff's complaint was not dismissed because of his failure to ask for specific forms of relief, Plaintiff's complaint was dismissed because he failed to comply with the Federal Rules of Civil Procedure and because his allegations against Defendants did not form the basis of any cognizable cause of action.  Having determined that Plaintiff's complaint should be dismissed, the Court further found that granting Plaintiff further leave to amend would be futile because of Plaintiff's demonstrated failure to meaningfully address the deficiencies that the Court had twice identified in Plaintiff's claims.  Plaintiff fails to rebut any of these findings.  As such, the Court finds that Plaintiff has failed to demonstrate that extraordinary circumstances exist that justify relief under Rule 60(b)(6).

### III.    Conclusion and Order

Plaintiff has failed to demonstrate that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(6).  This action was dismissed because of Plaintiff's failure to state a claim upon which relief can be granted.  The Court further found that Plaintiff's claims could not be remedied by granting further leave to amend. Plaintiff has failed to demonstrate the existence of extraordinary circumstances that warrant reopening this action.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to reopen this case, filed on July 30, 2009, is DENIED.

IT IS SO ORDERED.

**Dated:    February 5, 2010**                    **/s/ Lawrence J. O'Neill**
                UNITED STATES DISTRICT JUDGE